## Mahala Sheets, Administratrix, Appellant, v. George A. Sheets, Appellee.

### Gen. No. 5290.

LANDLORD AND TENANT—*when recovery cannot be had for use and occupation.* If possession of premises is taken under a contract to purchase, which is not fulfilled, no recovery can be had for use and occupation until after written demand for possession as required by statute.

Assumpsit. Appeal from the Circuit Court of Stark county; the Hon. L. D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910. Rehearing denied April 13, 1910.

KERNS & FLING, for appellant.

A. P. MILLER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in *assumpsit* brought by Mahala Sheets, administratrix of the estate of William Sheets, deceased, to recover from George A. Sheets rent for the use and occupation of forty acres of land for six years from March 1, 1902, to March 1, 1908, and for pasturage of stock of George A. Sheets by William Sheets. The court instructed the jury that there could be no recovery for rent, and the jury returned a verdict for $20 in favor of plaintiff for the pasturage. The plaintiff appeals.

The record shows that in 1886, William Sheets made a contract for the sale of eighty acres of land in Stark county to his sons, Philip A. Sheets and George A. Sheets. The purchasers went into possession of the land under the contract, and divided it between themselves, each taking forty acres. The purchasers did not make the payments required by the contract, and Philip Sheets in 1892 abandoned his tract. George A. Sheets built a house, cleared off brush, built fences and made other improvements on his tract. After Philip surrendered his tract, William Sheets repeatedly verbally demanded of George that he pay rent or get off the land, but the purchaser declined to pay rent and remained in possession until March, 1908. On March 2, 1908, William Sheets caused a notice in writing, to be served on George demanding immediate possession of the land, and brought a suit in forcible detainer and recovered possession. A number of witnesses testified for appellant, that when the father said to George he would have to get off or pay rent George replied he would see what he would do about it; other witnesses testified that George replied he would never pay rent. On the trial of the forcible entry suit, William Sheets

testified that he never had any contract with George to pay rent and that he was holding under a bond for a deed. It is clear from all the evidence that appellee was not a tenant, but was in possession under the contract for purchase.

Under the third paragraph of section 1 of chapter 80 of the statute, the Landlord and Tenant Act, the owner of land may sue for, and recover rent for use and occupation of land, when possession of the land has been obtained under an agreement for the purchase of the land, and the right to possession is terminated by non-compliance with the agreement and possession is refused to be given upon demand, made in writing, by the party entitled thereto. No notice such as is required by the statute was served demanding possession before March 1, 1908. It clearly follows that no recovery could be had for use and occupation before that date, and the jury were properly instructed to find for the appellee upon that issue.

It is insisted that the court erred in admitting in evidence the bond for a deed because there was no special plea of set-off. It was not offered by way of set-off, but to show that the appellee was not liable for rent under the general issue which denied the truth of the special counts.

It is also contended that the court erred in refusing to admit a notice, served on appellee in December, 1907, terminating a tenancy from year to year and demanding possession March 1, 1908. If this notice had been admitted still the court would necessarily have given the peremptory instruction regarding rents and there was no harmful error. The judgment is affirmed.

*Affirmed.*