(No. 13981.—Decree affirmed.)

ELLEN S. DAVIES *vs.* GERTRUDE G. DAYTON, Defendant in Error.—(CLAUDE D. PRICE, Plaintiff in Error.)

*Opinion filed June 22, 1921.*

1. BONDS FOR DEEDS—*when forfeiture cannot be declared until after demand and notice.* Where the obligor in a bond for deed receives payments of installments.from the obligee at different times and in different amounts than the contract calls for, the right to declare a forfeiture for failure to make the payments as specified is suspended and cannot be enforced until after a specific demand by the obligor that the contract be complied with and notice of an intention to declare a forfeiture if it is not.

2. SAME—*what constitutes a fraud upon rights of purchaser under contract to convey—accounting.* An alleged creditor of the purchaser in a contract for a conveyance who secretly obtains from the vendor a quit-claim deed and the purchaser's note and bond for a deed by paying the unpaid balance due thereon succeeds only to the rights of the vendor under the contract, and if he sells the property to a third party without notice to the original purchaser he is guilty of fraud and must account to the original purchaser for the difference between the value of the property when he sold it and the unpaid balance on the purchaser's note, without credit for the amount he claims the purchaser owes him in another transaction.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

WILEY & MOREY, for plaintiff in error.

REDMON, HOGAN & REDMON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 29, 1918, Ellen S. Davies filed her bill in the nature of a bill of interpleader in the circuit court of Macon county, setting forth that she had executed on January 15, 1914, a bond for a deed to Gertrude G. Dayton, defendant in error, for a conveyance of lot 3, block 2, of Simpson's Second addition to the city of Decatur, upon the

payment of a note payable in installments, and at the same
time executed a warranty deed of the lot and deposited the
same with the Millikin National Bank, to be delivered on
payment of the purchase price; that on April 30, 1917, she
executed and delivered to Claude D. Price, plaintiff in er-
ror, a quit-claim deed conveying any interest she then had
in the lot, and indorsed to him without recourse the note
and bond for a deed; that Price afterward executed a deed
to Iliff Jones purporting to convey the premises in fee
simple; that the quit-claim deed was made, executed and
delivered to accompany the note and bond for a deed as a
matter of convenience in transferring the instrument, and
that Price and his attorney were informed, and at the same
time made investigation of the fact, that the warranty deed
to Gertrude G. Dayton was on deposit with the Millikin
National Bank, and Jones was also in possession of all the
facts relative to the transaction. The bill alleged that Jones
claimed to be the owner in fee simple of the lot, while Ger-
trude G. Dayton claimed there had been no default or for-
feiture of her right under the bond for a deed, and that
the complainant had always been willing to deliver the war-
ranty deed to whomsoever would be entitled to it, and she
offered to bring it into court as the court should direct.
Gertrude G. Dayton, Iliff Jones, Claude D. Price and his
wife, the Millikin National Bank and the Mutual Home and
Savings Association were made defendants and required to
answer and set forth their rights among themselves.

Gertrude G. Dayton answered the bill and filed her cross-
bill, alleging that she purchased the lot from Ellen S. Da-
vies for $2950 and paid $860 in cash and executed her note
for $2150, with interest at six per cent, and the note was
to be paid in monthly installments of $25 each and the in-
terest semi-annually; that Mrs. Davies and her husband
executed the warranty deed mentioned in the bill, which
was deposited with the Millikin National Bank, to be de-
livered to her when the payments were completed; that

she was to have possession on February 1, 1914, and took possession and occupied the lot for a time as her home and afterward held possession by her tenant until July 1, 1917; that she paid monthly installments until that time to the Millikin National Bank and paid the taxes and made some improvements on the property; that Claude D. Price obtained the note and bond for a deed and the quit-claim deed, as alleged in the bill, on April 30, 1917; that without any notice or demand for payment of the balance of the purchase money, Price on June 30, 1917, together with his wife, executed a warranty deed to Iliff Jones for the purported consideration of one dollar; that Price caused her tenant to remove from the premises and Jones took possession and afterward executed a mortgage to the Mutual Home and Savings Association for $2250, which mortgage was recorded, and that all these transactions of Mrs. Davies, Price and Jones were in fraud of her rights. She prayed to be permitted to pay the unpaid amount of her note and have the deeds of Price and Jones and the mortgage canceled of record, but if the mortgage was taken and accepted by the mortgagee without notice of her rights, then an account should be taken, and Jones, Price, Mrs. Davies and her husband should be ordered to pay the balance, and that she should have other and further relief. Mrs. Davies answered the cross-bill, substantially admitting its averments as to all matters of fact but denying that Gertrude G. Dayton was entitled to any relief against her. Price answered the original bill and also the cross-bill, admitting that he knew all about the transaction between Mrs. Davies and Gertrude G. Dayton but alleging that Gertrude G. Dayton was in default in the terms of her contract and had no right in the premises.

The cause was referred to the master in chancery, who took the evidence and reported the same with his findings of fact substantially as alleged in the cross-bill, and finding that the premises were worth $3500 in June, 1917, and

Price took possession and made the deed to Jones, and that the mortgage to the Mutual Home and Savings Association was taken without any notice of the rights of Gertrude G. Dayton. His conclusion of law was that Jones should be decreed to be the holder of the fee simple title subject to the mortgage, and Price and Mrs. Davies should.be decreed to pay Gertrude G. Dayton the difference between the value of the lot when Price made his deed and the unpaid balance on the note. The cause was heard by the chancellor on exceptions to the report filed by Price and Mrs. Davies which were overruled. The chancellor found the facts as reported by the master, and that Price and Mrs. Davies were liable for the damages sustained by Gertrude G. Dayton, which amounted to $2459.97. Price sued out a writ of error from this court for a review of the record.

The following are the material facts: On January 15, 1914, Ellen S. Davies and husband executed a contract in the form of a bond for a deed for a conveyance to the complainant in the cross-bill (then Gertrude G. Hester) of the lot for a consideration of $2950, payable $800 cash and the balance of $2150 by a note due fifty-four months after date, with interest at six per cent, payable semi-annually, $25 to be paid every month and the interest reduced accordingly. The bond for a deed was signed by both parties, and the grantee assumed the taxes for 1914 and was to have possession February 1, 1914. Upon compliance with the terms of the contract Mrs. Davies agreed to convey the premises in fee simple, free from all incumbrances, with the usual covenants of warranty, and the contract recited that such a deed had been executed and left in escrow with the Millikin National Bank, where all payments were to be made. Time was made of the essence of the contract, and in the event of non-payment of the sum of money or any part thereof, or the interest thereon, at the times therein named, Mrs. Davies was to be discharged from liability to make and execute the deed. Payments of $25 each month

were made for the first five months and afterward irregular sums were paid ranging from $20 up to $300, and on April 30, 1917, there was a balance unpaid on the note of $1040.03. The premises were occupied by Gertrude G. Dayton for a time and some improvements were made, after which she removed to California and rented the premises to John L. Pickering. On April 11, 1917, Price sued out a writ of attachment from the circuit court of Macon county against Gertrude G. Dayton, with Mrs. Davies and Pickering as garnishees. The attachment writ was not levied, but Price conceived the plan of getting the property by obtaining the note and bond. For that purpose he applied to Mrs. Davies, and she indorsed the note without recourse and delivered the note and bond to him. He also insisted upon a quit-claim deed, which was given to him. He paid the amount due to Mrs. Davies. He notified the tenant that he was the owner of the property, collected the rent for two months, amounting to $50, and sold the premises to Iliff Jones for $2600.

The contract in the form of a bond for a deed signed by both parties provided that time should be of the essence of the contract and gave to Ellen S. Davies the right to forfeit the contract for non-payment of the note according to its terms. After the first five months payments on the principal were not made in the amounts and at the time specified in the note, but the interest was paid and the payments on the principal were generally in larger sums. They were paid to the Millikin National Bank and were received by Mrs. Davies, and there was not only no forfeiture or notice of an intention to insist upon a forfeiture, which would have been necessary, (*Monson* v. *Bragdon,* 159 Ill. 61; *King* v. *Radeke,* 175 id. 72;) but Mrs. Davies did not intend a forfeiture. The right to declare a forfeiture had at least been suspended by receiving payments at different dates and in different amounts from those specified in the note, and it would have required a definite and spe-

cific demand and notice to effect a forfeiture. The warranty deed remained on deposit with the Millikin National Bank to be delivered upon payment of the balance, and still remained there at the time of the filing of the original bill. Price succeeded only to the rights of Mrs. Davies by the transfer of the papers and the quit-claim deed, and he did not declare any forfeiture nor withdraw the deed from the bank. He notified the tenant that he was the owner of the premises, collected the rent due Gertrude G. Dayton and sold the property for $2600, for which he had paid only the amount due on the note. That his scheme and action were a fraud on the rights of Gertrude G. Dayton is beyond question, and he was properly held to account for the reasonable value of the property above the amount due on the note for which Gertrude G. Dayton was liable.

Complaint is made that Price was not allowed in the accounting $37.98 as a credit which he paid to redeem the property from a tax sale. If he was entitled to anything on that account, he collected from the tenant $50 which did not belong to him, and the balance was against him.

It is also complained that Price was not given a credit for $245, the alleged debt of Gertrude G. Dayton to him, on account of which he had sued out his writ of attachment. He claimed nothing in his answer or any pleading on account either of the tax payment or the supposed indebtedness, and the indebtedness had no connection whatever with the property or the fraudulent transaction. Price merely proved the issue of the writ of attachment, which did not establish a debt, and the accounting was with and the decree against both Price and Mrs. Davies, and there was no mutuality of account between the parties. Neither averment, proof nor law would have justified any credit against the damages occasioned by the wrong done to Gertrude G. Dayton.

It is objected that the complainant in the cross-bill could have no relief because she did not bring into court

the money due on her note. The cross-bill was answered and its sufficiency thereby admitted, and it was apparent that the only relief that could be given on the facts stated was the accounting against Price and Mrs. Davies, and it would have been useless to bring the money into court.

The decree is affirmed.                                    *Decree affirmed.*