PETER L. KRENTZ, Trustee, *et al.*, Plaintiffs-Appellants, *v.* KEITH D. JOHNSON *et al.*, Defendants-Appellees.

Second District (2nd Division) No. 74-439

Opinion filed February 24, 1976.

Peter L. Krentz, *pro se.*

Louis E. Neuendorf and Thomas W. Grant, both of Sandwich, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiffs sought specific performance of a contract for the purchase of vacant real estate which had been declared forfeited by the defendants Keith D. Johnson and Betty Johnson, his wife. The Johnsons were joint vendors with the defendants, Lawrence E. Jensen, Jr. and Sandra W. Jensen.[1] After an evidentiary hearing the trial judge entered judgment dismissing plaintiffs' complaint for want of equity and awarded the Johnsons attorney's fees and costs in the amount of $1,722.50. Plaintiffs appeal.

On November 6, 1970, the plaintiffs entered into a written contract with the defendants to purchase unimproved real estate in Plano, Illinois for $27,500. Under the agreement plaintiffs made an initial payment of $1,000. An additional payment of $5,000 was provided upon the rezoning of the property to R-4 use. The balance was payable in principal amounts of $1,000 annually with interest to be paid quarterly. It was further agreed that for each $6,000 paid on the contract the purchasers would receive a deed for approximately one-seventh of the subject property. The agreement included a customary forfeiture clause which provided, however, that no default could be declared until the purchaser was in default for a period of 60 days. The clause also required the purchaser to pay all court costs and reasonable attorney's fees incurred as a result of purchaser's default.

In May of 1971, a supplemental agreement was executed by the parties giving the purchasers additional time to July 1, 1971, to accomplish rezoning and providing that the purchasers pay interest from May 1, 1971, to July 1, 1971. Later in 1971, the sellers granted permission to the purchasers to install utility improvements in accordance with the city's requirements. At about the same time defendants deeded a portion of the land to plaintiffs upon payment of $11,955.25. Thereafter the property was rezoned. There was testimony that the plaintiffs expended $22,500 for expenses of rezoning, surveying engineering and the installation of sewer and water mains serving the property.

The quarterly interest payment due January 1, 1972, was paid at

---

[1] The Jensens did not join in the notice of forfeiture. They were first dismissed from the suit but thereafter entered their appearance as defendants. They thereafter answered admitting the allegations contained in plaintiffs' amended complaint.

some unspecified time subsequent to the first of the month. The April 1, 1972, payment was paid toward the last part of April, 1972. The quarterly interest payment due July 1, 1972 amounting to $182.81 was not paid.

There was testimony that plaintiff Richard L. Walters had on dates prior to July 1, 1972, attempted to satisfy the balance due on the contract for an amount less than the contract balance and that these offers were not accepted. On September 5, 1972, the Johnsons, alone, served a notice of forfeiture on the trustee. On or about September 16, 1972, the plaintiffs tendered full payment of the principal and interest due. This tender was refused by the Johnsons. Thereafter in December of 1972 the suit for specific performance was filed by the plaintiffs.

Plaintiffs contend that the court erred in denying specific performance. They argue that equity should relieve them from the forfeiture declared by the Johnsons in view of the substantial payments made on the contract, the large expenditures for improvements and the comparatively small amount of the default. They also contend that the Johnsons waived the requirement of strict compliance with the contract as to the payment of interest due in July since they accepted late payments in previous quarters and did not give a specific notice of their intention to thereafter require strict compliance. Plaintiffs also claim to be in possession of the real estate and contend that therefore the Johnsons were required to proceed under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1973, ch. 57, pars. 2, 13).

The Johnsons respond that plaintiffs' default in performance of the contract continued for more than 60 days and that the sellers were without fault, thus entitling them to rely on the forfeiture clause. They also deny that plaintiffs are in possession of the vacant land and thus contend that action in forcible entry and detainer is not a prerequisite to the exercise of their right of forfeiture as contract sellers.

We conclude from our review of the evidence that the plaintiffs have made a case entitling them to equitable relief from the forfeiture and that the court erred in denying specific performance of the contract.

■■ It has been stated generally, as defendants contend, that where a forfeiture has been declared in the manner prescribed in a contract the court will give effect to it.[2] (See, e.g., *Eade v. Brownlee*, 29 Ill. 2d

---

[2] It is noted that the Jensens who were also the sellers under the contract did not join in the forfeiture. We have not considered whether a forfeiture may be properly declared by sellers who own only a one-half interest and whether this amounts to strict compliance with the forfeiture clause in the agreement since the parties have not raised the issue or briefed it.

214, 219 (1963); *McDonald v. Bartlett*, 324 Ill. 549, 558-59 (1927).) It would appear, however, that the cases give effect to this rule when the result is not essentially unfair to either party. The equally familiar rule is that forfeitures are not favored by courts of equity and that parties will be relieved from a technical forfeiture of rights under a contract if injustice results from its enforcement. (See, *e.g., Rose v. Dolejs*, 1 Ill. 2d 280, 289-290 (1953).) In *Rose*, the court stated on page 290:

> "It is especially well settled that where the agreement is simply one for the payment of money, a forfeiture of land incurred by the nonperformance of the agreement will be set aside on behalf of the defaulting party or relief will be granted in any other manner made necessary by the circumstances of the case, on the payment of the debt, interest and costs, unless complainant has debarred himself by his own conduct."

■■ Specific performance of installment land contracts has been granted despite late payments of money due under the agreement in by far the greater number of cases (see cases collected in 55 A.L.R. 3d 10-150 (1974)). The principal factors considered significant in granting relief from forfeitures appear to be: The prior acceptance of late payments and whether the buyer has been given a reasonable warning that the seller will insist on prompt payment in the future (see *Lang v. Parks*, 19 Ill. 2d 223, 226 (1960); *Kingsley v. Roeder*, 2 Ill. 2d 131, 138-139 (1954)); the length of time involved in the delay and whether the default has been repeated (see Annot., 55 A.L.R. 3d 10, §8 (1974)); whether substantial payment has been made on the whole contract (see *Rose v. Dolejs*, 1 Ill. 2d 280 (1953)); whether the purchaser has substantially improved the property (see *Rose v. Dolejs*, 1 Ill. 2d 280 (1953)); and whether there has been a mere delay rather than a suspension of the payments (*cf. Hartman v. Hartman*, 11 Ill. App. 3d 524, 528 (1973), and *Monson v. Bragdon*, 159 Ill. 61 (1895)). When, in effect, the seller has not been deprived of the general object of the sales agreement, equity has considered time of performance to be a mere formal defect which may be corrected by payment of the contract balance with interest. See Annot., 55 A.L.R. 3d 10, 16 (1974). See also Restatement of Contracts §§275, 276 (1932).

■■ Here the delay in payment of the quarterly interest did not go to the essential purposes of the contract. Time was neither stated to be of the essence of the agreement nor does it so appear from the circumstances. The sum of $11,000 plus interest had been paid on the original contract price of $27,500 and some of the property had been released in accordance with the terms of the contract. The purchasers

had made substantial improvements and had effected rezoning of the entire property, showing expenditures of $22,500. Prior quarterly interest payments had been accepted although tendered after the payment dates specified in the contract. There was no reasonable notice to purchasers that the seller would thereafter insist on prompt payment. And the single default for which the forfeiture was declared amounted to $182.81. In addition, there was no evidence that the purchasers were abandoning the contract or suspending payments under it and, in fact, had negotiated to pay it off prior to maturity, although seeking a discount. Under the circumstances the general object of the agreement could be accomplished without a forfeiture and the seller could be fairly compensated by payment of the principal balance with interest.

We therefore reverse the judgment which denied specific performance and awarded attorney's fees to the defendants. We remand the cause with directions to enter judgment granting specific performance of the contract upon payment of the balance due together with interest in accordance with the agreement.

The judgment of the trial court is therefore reversed and remanded with directions to proceed in accordance with this opinion.

Reversed and remanded with directions.

DIXON and RECHENMACHER, JJ., concur.