PETER L. KRENTZ, Trustee, *et al.*, Plaintiffs-Appellees, *v.* KEITH D. JOHNSON *et al.*, Defendants-Appellants.

Second District    No. 77-92

Opinion filed May 4, 1978.

Louis E. Neuendorf and Daniel J. Creed, both of Sandwich, for appellants.

Peter L. Krentz, of Plano, for appellees.

Mr. JUSTICE GUILD delivered the opinion of this court:

This is the second appeal on this matter, the first being found in 36 Ill. App. 3d 142, 343 N.E.2d 165. In that opinion we considered the issue as to

whether the purchaser was entitled to specific performance under a contract for the purchase of real estate. The trial court had denied specific performance. The purchasers brought the first appeal wherein we reversed the trial court, stating:

> "We therefore reverse the judgment which denied specific performance and awarded attorney's fees to the defendants." (36 Ill. App. 3d 142, 146, 343 N.E.2d 165, 168.)

Upon remand, the trial court decreed specific performance and did not allow the defendants' attorney's fees in the sum of $1722.50. Defendants' counsel contended that he was entitled to attorney's fees, notwithstanding the fact that he was the losing party, as the issue of attorney's fees was not presented to the appellate court. In other words, the defendants' counsel, upon remand, was attacking the decision of this court in denying his fees.

In the instant appeal the defendants first contend that the trial court could not enforce the real estate installment sales contract on terms other than those agreed upon by the parties. Their contention in this regard is that our opinion was incorrect in that the defendants could only be ordered to accept prepayments in full of the contract price on an interest due date. The second contention of the defendants is that the plaintiffs are barred by the doctrine of *res judicata* from attacking the order entered by the trial court awarding the defendants their attorney's fees in the original decree denying specific performance. Lastly, defendants contend that the trial court erred in denying defendants' attorney's fees upon remand, as this court did not consider the issue of attorney's fees in its opinion, nor was it raised as an issue in the original appeal. As we have stated, our opinion explicitly awarded specific performance and denied attorney's fees to the losing party, to-wit, the defendants.

Defendants, both in the trial court after remand, and on this appeal, are essentially trying to relitigate the merits of this court's former decision. This, of course, is entirely improper. The issues which defendants now seek to raise should all properly have been brought to the attention of this court in the prior appeal by a petition for rehearing. Defendants chose not to do so. Additionally, if the defendants were dissatisfied or felt that this court had erred in its opinion in awarding specific performance and denying defendants' attorney's fees, a further remedy would have been a petition for leave to appeal to the supreme court of this State. This they likewise chose not to do. In failing to raise these issues in the proper manner, defendants have waived them. The argument that the original order awarding attorney's fees was *res judicata* in the trial court is an attack upon the opinion of this court. The doctrine of waiver applies rather than the decision of the trial court being *res judicata* on this issue. Moreover, we believe our former decision was correct in all respects and that defendants are not entitled to any attorney's fees.

For the foregoing reasons, the order of the trial court which in effect disallowed attorney's fees to the losing party, to-wit the defendants, is affirmed.

Affirmed.

SEIDENFELD, P. J., and RECHENMACHER, J., concur.