DAHM, INC., Plaintiff-Appellant, v. JERRY DEAN JARNAGIN *et al.*, Defendants (Anthony D. Painter, Ex'r of the Estate of Betty M. Painter, Deceased, Defendant-Appellee).

Third District   No. 3—84—0468

Opinion filed May 10, 1985.

James J. Elson and Walter D. Barra, both of Canton, for appellant.

John J. McCarthy, of Canton, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

On June 15, 1984, the circuit court of Fulton County, on defendants' motion, dismissed plaintiff's complaint for specific performance. Plaintiff appeals.

We reverse and remand.

A motion to dismiss admits all properly pleaded facts. (*Sierens v. Clausen* (1975), 60 Ill. 2d 585, 328 N.E.2d 559; *Trautman v. Knights of Columbus* (1984), 121 Ill. App. 3d 911, 460 N.E.2d 350.) Plaintiff's complaint alleges that on March 21, 1974, plaintiff, Dahm, Inc., contracted to sell real estate to Jerry Jarnagin, Raymond Rumler and Albert Painter on an installment basis. Subsequently, Painter died and Betty Painter, his widow, succeeded to his interest. During 1983, purchasers failed to pay taxes, provide evidence of insurance, and make installment payments.

On February 15, 1984, plaintiff sent a letter to defendants, Jarnagin, Rumler, and Betty Painter, notifying them of plaintiff's intent to file a civil suit declaring a forfeiture if payments were not made cur-

rent. On March 13, 1984, plaintiff filed a suit asking for specific performance of the contract.

Defendants moved to dismiss the complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619), alleging plaintiff elected to forfeit the contract as shown by the February 15, 1984, letter. Defendant Painter also objected to the complaint as it pertained to her, stating she was not a party to the original contract. In affidavits attached to their motions, defendants stated the defaults were not cured and that they consented to the forfeiture of the contract.

The trial court dismissed the complaint, finding the February 15, 1984, letter evidenced an election of plaintiff's remedy. The court relied upon *Perino v. Protect-All-Shelters, Inc.* (1970), 128 Ill. App. 2d 477, 262 N.E.2d 349.

Plaintiff argues that the February 15 letter was not an unequivocal declaration that the contract was forfeited. Plaintiff characterizes the letter as a threat that something will happen if the default is not cured. Plaintiff also distinguishes the *Perino* case and argues that since forfeitures are avoided if possible, the court should not find plaintiff elected to forfeit the agreement absent a clear declaration of forfeiture. Only defendant Painter filed a brief in this court. Defendant argues that the letter was not merely a warning, that it unequivocally declared a forfeiture, and that *Perino* controls the present situation.

It is well settled that a vendor under an installment contract cannot forfeit the contract and sue on the contract for damages. (*Herrington v. McCoy* (1982), 105 Ill. App. 3d 527, 434 N.E.2d 67; *Morey v. Huston* (1967), 85 Ill. App. 2d 195, 228 N.E.2d 544.) The vendor must elect which remedy he wishes to pursue.

A declaration of forfeiture must be unambiguous and convey a firm purpose to insist upon the forfeiture. (*Brown v. Jurczak* (1947), 397 Ill. 532, 74 N.E.2d 821.) The party declaring the forfeiture should do so in the manner provided in the contract. (*Zeta Building Corp. v. Garst* (1951), 408 Ill. 519, 97 N.E.2d 331; *Bocchetta v. McCourt* (1983), 115 Ill. App. 3d 297, 450 N.E.2d 907.) Although forfeitures are not favored, courts will enforce forfeiture provisions where the right is clearly shown and injustice will not result. *Aden v. Alwardt* (1979), 76 Ill. App. 3d 54, 394 N.E.2d 716.

Paragraph 7 of the agreement provides that in the event of default vendor may elect to declare the entire balance owed due and payable or may elect to declare a forfeiture. Upon vendor's election to forfeit the contract, purchaser's contract payments are considered as

liquidated damages and in full satisfaction of vendor's claims against purchaser. The election may be taken only after seven days' advance written notice to purchaser.

The agreement does not establish a method of electing forfeiture. It does not state what acts constitute proof of the election.

The parties agree that plaintiff had a right to declare a forfeiture of the agreement. The only issue is whether the February 15 letter was an unambiguous declaration that the contract was forfeited. (*Brown v. Jurczak* (1947), 397 Ill. 532, 74 N.E.2d 821.) The letter states:

> "In accordance with the provisions contained in the contract between Dahm, Inc. and you dated March 21, 1974, you are hereby notified that Dahm, Inc. intends to file a civil lawsuit declaring a forfeiture based upon this agreement. The filing will occur on or about March 1, 1984.
>
> In the event the 1982 taxes are redeemed and the sum of $8,843.24, principal and interest, plus attorneys fees as provided in the agreement (now $500.00) are paid prior to that date, the action will not be filed as this would bring the contract to a current status."

Defendants rely upon *Perino*. There the court held a letter sent to the contract purchasers was an unambiguous declaration of a forfeiture. Therefore, it barred the vendor's subsequently filed specific performance action. The *Perino* letter stated:

> " 'Pursuant to the terms of Agreement dated June 6, 1963, as amended December 6, 1963, between the above parties, there was due to be paid on or before April 15, 1964, by the purchaser, the additional sum of $15,000.
>
> Since this sum was not paid, as provided, we hereby serve you notice of default and in accordance with provision VI of said Agreement, we hereby further notify you that unless said default is cured by depositing with us said sum of $15,000 on or before May 18, 1964, said Agreement shall be forfeited including the rights and interests of the purchaser thereunder.' "
> *Perino v. Protect-All-Shelters, Inc.* (1970), 128 Ill. App. 2d 477, 480-81, 262 N.E.2d 349, 351.

The *Perino* court noted that the letter recited that it was served pursuant to the contract, stated a specific sum necessary to cure the default, and stated the agreement would be forfeited if payment were not made. The court found the letter declared a forfeiture. Therefore, plaintiff could not maintain a specific performance action. (128 Ill. App. 2d 477, 483-84, 262 N.E.2d 349, 352-53.) The court also noted

that the trial testimony indicated that *Perino* stated he wanted to forfeit the agreement and sell the property to a third party.

Although the instant situation and that in *Perino* contain similarities, they are distinguishable. The February 15 letter expressed an intent to declare a forfeiture according to the provisions of the agreement if defendants failed to cure the default before a certain date. The agreement specifically stated that written notice had to be given to purchaser seven days before the election to forfeit was made. The letter is a warning that a civil action declaring a forfeiture will be filed. Under the circumstances here, the filing of the lawsuit would constitute the declaration of forfeiture. The letter, expressing an intention, is not an unambiguous declaration that the agreement is forfeited.

In contrast, the *Perino* letter provides that in accordance with the contract's provisions it is a notice of default, and if the default is not cured by a specific date, the contract shall be forfeited. Forfeiture is automatic absent timely cure by defendants. The letter is not merely a statement of an intention to forfeit the contract but a notice that the contract is forfeited absent cure.

The agreement in *Perino* provided that upon 20 days' prior notice advising purchasers of default, providing the defaults are not cured, the agreement and all rights under it would be forfeited. Here, the agreement provides that a written notice must be given to purchasers before the election is made.

The letter specifically states that it is notice of an intention to declare a forfeiture. Before making the election, plaintiff changed its mind. Unlike the *Perino* letter, the instant letter is not itself a declaration of forfeiture. We note that it is common practice to send a warning of forfeiture prior to declaring a forfeiture of the agreement. The agreement, here, provides that such a notice must be sent before vendors elect to forfeit the agreement. Since the February 15 letter was not a declaration of forfeiture, plaintiff had not elected its remedy and is therefore not precluded from maintaining a specific performance action.

For the above reasons we reverse the trial court and remand for further proceedings consistent with this order.

Reversed and remanded.

GREEN, P.J., and McCULLOUGH, J., concur.