GEORGE F. CALA *et al.*, Plaintiffs-Appellants, v. ROSS GERAMI *et al.*, Defendants-Appellees.

Second District   No. 84—0972

Opinion filed October 21, 1985.

Zachary Lawrence, of Lisle, for appellants.

No brief filed for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiffs, George and Mary Cala, appeal from the trial court's order granting defendants', Mr. and Mrs. Ross Gerami, motion to dismiss both counts of plaintiffs' complaint for failure to state a cause of action pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615). The issues presented for review are (1) whether plaintiffs could recover on a promissory note given in connection with a real estate installment sales contract despite a forfeiture of the contract, and (2) whether plaintiffs could recover the reasonable rental value of the residence from defendants for the time defendants occupied the premises after forfeiture of the sales contract was declared.

On December 29, 1983, plaintiffs filed a two-count complaint alleging in count I that defendant, Ross Gerami, refused to pay the amount of a promissory note payable to plaintiffs for $1,665.75 executed by him and delivered to plaintiffs on August 31, 1982, when it came due on November 1, 1982, and continued to refuse to pay on the note even after maturity. Plaintiffs sought full payment on the promissory note along with interest and attorney fees pursuant to the provisions of the note. In count II, plaintiffs alleged that they were the owners of certain premises in Bartlett and had entered into a written installment agreement for warranty deed with defendants on August 31, 1982; that on November 1, 1982, defendant Ross Gerami breached that agreement by refusing to honor the promissory note; and that defendants, notwithstanding that breach, did not vacate the residence until August 1983. Plaintiffs sought damages for the fair and reasonable rental value of the house for the months of July and August 1983.

Defendants filed an answer admitting the allegations of the complaint that the parties entered into a written installment agreement for warranty deed on August 31, 1982, and that Ross Gerami had executed and delivered the promissory note payable to defendants due on November 1, 1982. The remaining allegations of the complaint were denied. As an affirmative defense to both counts, defendants alleged that on August 23, 1983, plaintiffs served on defendants a declaration of forfeiture and extinguishment of all rights of purchaser under the

installment agreement, and that such declaration was filed in the officer of the recorder of deeds for Du Page County on August 23, 1983.

■ Defendants then filed a motion to dismiss the complaint, without first withdrawing their answer, pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615), in which they asserted that plaintiffs' election to declare a forfeiture of the installment agreement prohibited them from the recovery sought in both count I and II. Although the installment agreement is not contained in the record on appeal, paragraph 12 of the agreement is set out in the motion to dismiss and provides:

> "12. In case of the failure of Purchaser to make any of the payments, or any part thereof, or perform any of Purchaser's covenants hereunder, this agreement shall, at the option of the Seller, be forfeited and determined and Purchaser shall forfeit all payments made on this agreement, and such payments shall be retained by Seller in full satisfaction and as liquidated damages by Seller sustained, and in such event Seller shall have the right to reenter and take possession of the premises."

The trial court granted defendants' motion to dismiss, apparently on the basis asserted in the motion to dismiss, as the reasons for the trial court's decision are not set forth in the order of dismissal. An order that sustains a motion to dismiss without specifying the ground on which it was based places the issues raised by the motion before this court. *Lanno v. Naser* (1979), 79 Ill. App. 3d 1, 4, 398 N.E.2d 174.

■ Preliminarily, we note that defendants have not filed an appellate brief. Nevertheless, we decide the merits of the appeal because appellants' brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.) Although attached to plaintiffs' brief is what appears to be the installment agreement, the installment agreement has never been filed in the trial court and is not properly a part of the record on appeal. It cannot be considered by this court. *Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 415, 259 N.E.2d 282; *State Farm Mutual Automobile Insurance Co. v. Stuckey* (1983), 112 Ill. App. 3d 647, 649, 445 N.E.2d 791.

■ Generally, courts abhor forfeitures on contracts, but where a forfeiture has been declared in a manner prescribed by the contract, courts will give effect to the provision. (*Eade v. Brownlee* (1963), 29 Ill. 2d 214, 219, 193 N.E.2d 786; *Hettermann v. Weingart* (1983), 120 Ill. App. 3d 683, 688, 458 N.E.2d 616.) A declaration of forfeiture terminates the contract and abandons any claims and liability under the

provisions of that contract. (*Benedetti & Sons, Inc. v. O'Malley* (1984), 124 Ill. App. 3d 500, 504-08, 464 N.E.2d 292.) A vendor under an installment contract cannot forfeit the contract and sue on the contract for damages. (*Dahn, Inc. v. Jarnagin* (1985), 133 Ill. App. 3d 14, 15, 478 N.E.2d 641.) A vendor, after declaring a contract forfeiture, cannot pursue inconsistent remedies. (*Vogel v. Dawdy* (1985), 107 Ill. 2d 68, 76-77, 481 N.E.2d 679; see Havighurst & Lawrence, *Forfeitures Under Real Estate Contracts in Illinois*, 29 Ill. L. Rev. 714 (1935).) However, upon a forfeiture, the vendor may retain payments already made on the contract, if this retention is provided in the agreement (see *McDonald v. Bartlett* (1927), 324 Ill. 549, 558-59, 155 N.E. 477; R. Kratovil & R. Werner, Real Estate Law 128-29 (1979)), although after forfeiture no recovery can be had for any unpaid installments. See Kratovil, *Forfeiture of Installment Contracts in Illinois*, 53 Ill. B.J. 188 (1964).

Paragraph 12 of the installment contract provides, *inter alia*, that upon failure of the purchaser to perform any of the covenants of the contract, the agreement may be forfeited and purchaser "shall forfeit all payments made \*\*\* as liquidated damages \*\*\*." The question before us is whether the promissory note here, which was due and owing under its terms and was delivered to plaintiffs, but remained unpaid after demand was made, was a payment made before forfeiture on which plaintiffs could seek collection even after forfeiture was declared.

We have found no Illinois authority on this precise issue, and the few seemingly relevant decisions in other jurisdictions have arrived at results on both sides of the question. See 77 Am. Jur. 2d *Vendor and Purchaser* sec. 478 (1975).

Although this case comes to us on the pleadings, which do not specifically indicate that the promissory note was given as a payment under the agreement, we can infer that it was; otherwise the promissory note would be clearly not connected with the agreement and separately enforceable. As stated above, upon declaration of a forfeiture, the vendor is entitled to retain all previous payments. While such payments usually will be by check or by money payment, we believe payment in the broad sense includes money or anything else of value which the vendor accepts as payment. This promissory note is a negotiable instrument (Ill. Rev. Stat. 1983, ch. 26, par. 3—104), and, under the facts in this record, here appears to be a new obligation executed separately from the entering into of the installment contract. There is nothing in the record that this promissory note was required to be given under the terms of the installment agreement, thereby making it

a part of a single agreement and dependent upon enforceability of the terms of the installment agreement. See *Heldman v. Gunnell* (1916), 201 Ill. App. 3d 172, 175.

Generally, a promissory note may operate as a payment if the parties so agree. (60 Am. Jur. 2d *Payment* sec. 61 (1972); see *Illinois-Indiana Fair Association v. Phillips* (1927), 328 Ill. 368, 376, 159 N.E. 815.) After examining the complaint, the motion to dismiss and the promissory note, it appears that the promissory note was given and accepted as a payment due under the installment contract. We conclude that the promissory note is a payment within the terms of paragraph 12 of the installment agreement. Paragraph 12 further provides that upon the seller's electing to forfeit the agreement upon purchaser's failure to perform a covenant, the purchaser also forfeits all payments made on the agreement as liquidated damages.

■ As the cause of action in count I of plaintiffs' complaint is on the promissory note only and, on the pleadings before us, is a separate undertaking not required under the terms of the forfeited installment agreement, the general rule against suing on a forfeited installment contract for damages is inapplicable. On the record before us plaintiffs have demonstrated *prima facie* reversible error in the dismissal of count I. Whether there are defenses or other facts which might dispute the facts alleged in the relevant pleadings in this record are not before us on this limited record, and may be developed below upon remand. The portion of the judgment below dismissing count I is reversed, and the cause remanded.

In count II of their complaint, plaintiffs seek, on a *quantum meruit* theory, the fair and reasonable rental value of the residence occupied by defendants for the months of July and August 1983. It appears that the trial court dismissed this count, as well, on the allegations in the defendants' motion to dismiss that the installment agreement had been forfeited at the election of the plaintiffs and that this forfeiture prohibited any action as alleged in count II.

Neither party cited below, nor do plaintiffs refer on appeal, to section 9—201 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 9—201), which we find is particularly on point regarding the issue at hand. Section 9—201, in pertinent part, provides:

> "Sec. 9.201. Recovery of rent. The owner of lands, his or her executors or administrators, may sue for and recover rent therefor, or a fair and reasonable satisfaction for the use and occupation thereof, by a civil action in any of the following instances:
>
> * * *

3. When possession is obtained under an agreement, written or verbal, for the purchase of the premises, and before a deed is given the right to possession is terminated by forfeiture or non-compliance with the agreement, and possession is wrongfully refused or neglected to be given upon demand, made in writing, by the party entitled thereto. All payments made by the vendee, or his or her representatives or assigns, may be set off against such rent."

█▇█ █ Thus, section 9—201(3) allows the owner of lands to recover rent after termination by forfeiture where the vendee wrongfully refuses to give up possession of land he obtained under an agreement to purchase following a demand in writing. (See *Hadley v. Morrison* (1866), 39 Ill. 393, 399; *Sheets v. Sheets* (1910), 154 Ill. App. 285.) While a cause of action could exist under this statutory provision for wrongfully withholding possession after a written demand is given, the present state of the complaint as pleaded does not reveal whether or when a written demand for possession was given by plaintiffs to defendants. Defendants' motion to dismiss did assert that on August 23, 1983, plaintiffs served on them a declaration of forfeiture and extinguishment of purchaser's rights under the installment agreement. However, a motion to dismiss pursuant to section 2—615 tests the legal sufficiency of the complaint and admits all well-pleaded facts in the plaintiff's complaint (*Robins v. Lasky* (1984), 123 Ill. App. 3d 194, 201, 462 N.E.2d 774), and additional facts may not be asserted in such a motion to dismiss. (See *O.K. Electric Co., Inc. v. Fernandes* (1982), 111 Ill. App. 3d 466, 469-70, 444 N.E.2d 264.) As count II of the complaint apparently was dismissed incorrectly on the same basis as count I, and the trial court did not consider this statute, we find *prima facie* reversible error and reverse and remand for further proceedings.

In view of the limited record on which this opinion is based, the plaintiffs may wish to amend their pleadings and, of course, the defendants should have the opportunity to make any appropriate motions should they so desire.

For the foregoing reasons, the judgment below is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SCHNAKE and STROUSE, JJ., concur.