**Walter T. Morey, Plaintiff-Appellant, v. Kenneth L. Huston, et al., Defendants-Appellees.**

**Gen. No. 10,850.**

Fourth District.

July 10, 1967.

John F. Dunn, of Decatur, for appellant.

Roberts and Kepner, of Springfield (Maurice W. Kepner, of counsel), and Craig & Craig, of Mattoon (Jack E. Horsley and Richard F. Record, Jr., of counsel), for appellees.

SMITH, J.

Plaintiff files this action to recover from the defendants unpaid monthly payments and taxes due under an installment contract for the purchase of a motel. By way of affirmative defense, the defendants pleaded that the plaintiff, by entering and taking possession of the prop-

erty, had effectively effected a forfeiture of the contract, that he thus made an exclusive election of remedies, and by such forfeiture is barred from the instant suit. In a bench trial, the trial court held that the plaintiff had forfeited the contract and in so doing, payments previously made by the purchasers became liquidated damages and precluded this suit. From a judgment in favor of the defendants, plaintiff appeals.

On March 3, 1965, plaintiff acquired the vendor's interest in the contract and in the real estate involved. Defendants are the equitable owners under the installment purchase agreement by successive assignments not deemed important to a decision of this case. Three monthly payments being then past due, the plaintiff on May 28, 1965, filed this suit. Two of the three monthly payments were made on June 7 and another became due on June 15. Thus two installment payments were unpaid as of the latter date. The plaintiff paid 1964 taxes, half of which became due on June 1, 1965. On July 2, the plaintiff took over the physical possession of the motel, its contents, the cash in the cash register, and thereafter remained in possession. The first issue in this case is whether the conduct of the plaintiff in reentering and taking possession effectively forfeited the contract. If it did, say the defendants, it was an effective and conclusive election of remedies under the contract and the ball game is over. The plaintiff contends that there was no forfeiture but that in fact and in law, the defendants simply abandoned the contract. There being no forfeiture then, he reasons that he is entitled to recover the two unpaid installments and the taxes in this suit. The contract proclaimed that "time is of the essence of this agreement." Twenty of the first thirty-four monthly payments were late and were received by the vendor without complaint. Two of such late payments were made and received by the plaintiff after the institution of this suit. The plaintiff thus contends that he had waived his right

to declare a forfeiture for failure to make prompt payments and that such right could only be reincarnated by a specific notice to the purchaser of his intention that time was again the essence of the contract. Plummer v. Worthington, 321 Ill 450, 152 NE 133; Kingsley v. Roeder, 2 Ill2d 131, 117 NE2d 82. Thus, he argues that, no warning notice having been given, there could be no forfeiture and this suit is not barred. This is an unusual posture. Normally this rule is invoked against a vendor seeking to declare a forfeiture rather than a vendor seeking to escape the consequences of an alleged forfeiture.

██ ██ When the plaintiff acquired this property on March 3, the February 15 payment was then due and it was subsequently paid on April 26. When this suit was filed, the March 15, the April 15, and the May 15 payments were then past due. Thereafter plaintiff accepted two payments on June 7. The filing of this suit by the plaintiff is some indication on the part of the plaintiff and knowledge to the defendants that the new owner did not intend to tolerate the dilatory tactics and delayed payments which his predecessors in title had permitted. In evidence, there is an unsigned notice dated July 2, 1965, which purports to be a copy of a notice sent by the plaintiff to the defendants and which, after reciting that installment payments were past due, the taxes were unpaid, and the insurance premiums were unpaid, stated:

> "For such reasons I have no alternative but to declare a forfeiture of said contract in accordance with paragraph 15 thereof.
>
> "Accordingly I treat this agreement at an end and will re-enter and regain possession of said premises."

This document was supplied by the plaintiff pursuant to a motion on the part of the defendants to produce documents. The original of the document was never accounted for. Apparently on the date that this notice was given, the plaintiff reentered and took physical possession of

197

the property. Paragraph fifteen of the contract provides that where the buyers are in default "then the said sellers shall have the right to treat this agreement at an end and re-enter and regain possession of said premises as if this agreement had never been made, . . ." It further provides that "a written notice served on purchaser . . . of such forfeiture and election to re-enter and regain possession . . . shall be sufficient evidence of such election, forfeiture and re-entry, . . . ." It thus appears that the forfeiture and the reentry by the plaintiff into the property were legally and lawfully effected under the terms of the contract. To escape this result, the plaintiff now insists that since there had been a waiver of timely payments of the monthly installments, a notice was required before he could declare a forfeiture because of a want of such timely payments. This argument has a rather hollow sound. The purpose of that rule of law is so that a vendor may not lull a purchaser into a sense of security and thus inequitably enforce a forfeiture. That rule is for the benefit of the vendees and not for the benefit of the vendor. The vendees do not here complain of the forfeiture, but have and do acquiesce in it. The trial court was correct in finding that a forfeiture had been effected.

This brings us to the question then as to the effect of this forfeiture upon a suit filed prior to the time that the forfeiture became effective. The contract was still in full force and effect at the time this suit was instituted. Does the forfeiture not only nullify the contract, but kill off this suit as well? The plaintiff argues that the forfeiture thus declared and effected is not a bar to the instant suit. He argues that paragraph fifteen of the contract gave the right to treat the agreement at an end and to reenter and regain possession of the premises and that he did exercise that right, but he says the contract further provides "in such event sellers shall have the right to treat all payments made by purchaser to date as rent and as agreed and liquidated damages, . . ." This, he

says, is only a right, a right that he did not exercise and hence he has made no election to take liquidated damages equal only to all of the payments made prior to forfeiture, but has the right to sue for and collect the payments due and unpaid prior to the forfeiture together with the unpaid taxes and unpaid insurance premiums. Plaintiff concedes that there are cases in Illinois which hold that a land contract vendor who exercises his right to declare a forfeiture and take possession is thereby limited to the sole and exclusive remedy of liquidated damages. These cases, he points out, have contract provisions which in substance say that the purchaser *shall* forfeit all payments made by him on the contract and that such payments *shall* be retained by the seller in full satisfaction and in liquidation of all damages by him sustained. There is no such mandatory provision in this contract. Nevertheless, it is stated in Wollenberger v. Hoover, 346 Ill 511, 179 NE 42, 57, as follows:

> " 'If the vendor exercises his option to declare the contract at an end he cannot change his position and thereafter hold the purchaser liable to complete the purchase or pay any part of the unpaid purchase money. The remedy of the vendor by way of cancellation of the contract and the continued liability of the purchaser for the purchase money are totally inconsistent, and the exercise of the former terminates any further liability of the purchaser for the purchase money.' "

A like statement is made in Allen v. Borlin, 336 Ill App 460, 84 NE2d 575, 579, where it is said:

> ". . . The seller may insist upon specific performance, but he cannot do so at the same time he elects to rescind. Pyle v. Crebs, 112 Ill App 480. But these rules apply to cases where the seller who rescinds is seeking also to compel the purchaser to pay under the contract with the *purchaser's* funds. In the case

199

before us, the court has not ordered specific performance of the contract in whole or in part, the decree is not designed to make the defendant pay anything more from his own funds, he is merely required to account for money which he wrongfully converted."

Both of these cases were in equity and it would seem almost fundamental that if in equity one cannot declare a forfeiture or rescind the contract and then require the purchaser to complete his payments under that contract, it would be impossible to maintain a suit in law for such purpose. Concisely stated, the rule is that "a vendor may not invoke a remedy based on affirmance of the contract and also invoke a remedy which is based on disaffirmance, so that the election of one is the abandonment of the other." ILP, Vendor and Purchaser, ¶ 151, p 563. It is thus clear that had this contract been forfeited and possession obtained by the vendor either voluntarily or through a suit in forcible entry and detainer or ejectment, a subsequent suit for the collection of unpaid installments would have been barred. The vendor would have made his election to disaffirm the contract and would be bound by it. This does not meet head-on the precise question before us. Does a subsequent forfeiture of the contract amount not only to a termination of the contract but also to an abandonment of a suit previously instituted to recover back installments, taxes, and insurance required under the covenants of the contract? In our judgment it does. There is no doubt that vendor could have sued for specific performance of the contract or in law for damages for breach of the contract. Each such action recognizes and is based on the existence of the contract. Such suits instituted after forfeiture would clearly be barred on the doctrine of election of remedies, i. e., they are effectively at an end after forfeiture because the right to exercise them died with the termination of the contract. It would seem that the death

of such rights by forfeiture carries with it the death of pending suits whose sole foundation is the existence of such rights. The continuation of a suit for specific performance or a suit for damages for breach of contract after forfeiture would eliminate the very basis on which the forfeiture itself rests. Having exercised his right to declare a forfeiture, the vendor made his choice. He can have one remedy but not both. He chose to take the property and terminate the contract. He is bound by that choice. It follows, therefore, that the judgment of the trial court is correct and it is affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.