CHARLES L. HERRINGTON *et al.*, Plaintiffs-Appellants, *v.* JOSEPH W. McCOY, Defendant-Appellee.

Fourth District   No. 17478

Opinion filed April 8, 1982.

Sharon A. Buckler, of Arcola, for appellants.

Perry S. Albin, of Tuscola, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On April 3, 1981, plaintiffs, Charles L. Herrington and Martha J. Herrington, brought suit in the circuit court of Douglas County against defendant, Joseph W. McCoy, seeking damages for defendant's breach of a contract whereby plaintiffs sold real estate to defendant. The trial court allowed defendant's motion under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45) and dismissed plaintiffs' complaint in bar of action. Plaintiffs appeal. We affirm.

Attached to the amended complaint and referred to therein was a copy of the contract dated December 27, 1979. It provided for a purchase price of $26,500, acknowledged receipt of a down payment of $3,500 and provided for full payment to be made on or before January 31, 1982. The agreement also provided for interest of 13% per annum on the balance outstanding to be paid on each anniversary date of the contract, for a deed to be placed in escrow, and for defendant to go into possession. The amended complaint alleged defendant had failed to make the first two interest payments required, in the sums of $2,990 and $3,378.70, respectively. It also alleged plaintiffs had exercised their option, pursuant to paragraph 11 of the contract, "to terminate the contract." Incorporated by reference was a notice served on defendant by plaintiffs' agent stating plaintiffs had "terminated" the contract for defendant's breach and demanding immediate possession. The first count of the amended complaint sought damages in the sum of $4,748.30 for back interest and tax payments advanced by plaintiffs. The second count sought $656.42 for damages arising from defendant's failure to maintain the property.

Defendant's successful motion to dismiss was based on the theory that by terminating the contract and demanding repossession, plaintiffs had elected a remedy inconsistent with their claim for damages arising under the terms of the contract. The trial court agreed.

Paragraph 11 of the contract between the parties is at the heart of the dispute. It states:

"11. DEFAULT—FORFEITURE—REPOSSESSION.

In case of failure of Buyer to pay the sum of $23,000 as hereinbefore provided, or if Buyer shall permit such sum to remain due for a period of 30 days or more, or if Buyer shall fail to perform any other covenant of this agreement by Buyer to be performed, then Seller shall have the immediate right to treat this agreement as at an end and to re-enter and regain possession of said premises as if this agreement had never been made; and, in such event, Seller shall have the right to treat all payments theretofore made by Buyer as rent and as agreed and liquidated damages, and a written notice served upon Buyer or his heirs, devisees, legatees or personal representatives of such termination, forfeiture and election to re-enter and regain possession of the premises, or filed in the office of the Recorder of the county in which the premises lie, shall be sufficient evidence of such termination, forfeiture and election to re-enter and regain possession. Upon receipt of proof of such default or breach of this agreement, and upon receipt of proof of such notice given by Seller to Buyer, the escrow agent shall be and is hereby, authorized to surrender all instruments, including the deed * * *. Declaration of forfeiture and the other remedies hereinabove provided shall not be the exclusive remedy upon default. Seller may, upon default, elect to continue this contract in full force and effect and hold Buyer for all damages arising from a breach of the provisions hereof."

Plaintiffs argue that the words "termination" and "forfeiture" as used in the contract are ambiguous. They maintain that if the complaint were allowed to stand and the case to be heard on its merits, they could show the parties intended for them to have a right to rescind "the contract as of the date of possession, preserving their contract rights up to that point." They contend with that meaning given to the contract, the statement that "a declaration of forfeiture and the other remedies hereinabove provided" are not the exclusive remedies under the contract, permits them to both sue for damages occurring before termination and upon termination to demand and regain possession of the premises. Finally, they maintain their theory is not negated by the provision for their right to re-enter and gain possession "as if [the] agreement had never been made." They deem this to refer merely to the "quality" of their right of possession which they would obtain on re-entry and not to indicate a rescission of the contract.

■■ We hold the meaning of the contract to be subject to determination without the presentation of evidence. Plaintiffs make no explanations to why they claim the word forfeiture was used ambiguously. The word "terminated" as used in a contract for sale of real estate was construed in *Tucker v. Beam* (1951), 343 Ill. App. 290, 98 N.E.2d 871. The contract

there contained a provision that upon default in payment, the vendor had the option to terminate the contract and payments previously made would be forfeited and retained as liquidated damages. The purchaser in the case had defaulted. The court distinguished "termination" from "rescission," stating that termination merely implied an ending of dealings under a contract with the law leaving the parties as it then finds them. It stated a rescission implied the complete abrogation of a contract requiring both parties to then be restored to the *status quo ante*.

■■ We hold that the use of the words "termination" and "forfeiture" as used in paragraph 11 cannot give rise to a meaning that plaintiffs might both sue for damages occurring prior to the termination and also regain possession of the premises. The precedent of the decisions of the courts of this State and of this court in particular is to the contrary. In *Morey v. Huston* (1967), 85 Ill. App. 2d 195, 228 N.E.2d 544, this court passed upon the remedial provision of a very similar real estate sales contract. There, a vendor under a contract for sale of a motel brought suit against the purchasers to recover unpaid installments and taxes due under the terms of the contract. The vendor then took possession of the property. The trial court, hearing the case at bench, held that the vendor could not receive the damages sought. We affirmed. The contract provided that upon failure of the purchaser to make the required payments, the vendor could re-enter and take possession " 'as if this agreement had never been made' " and " 'in such event sellers shall have the right to treat all payments made by purchaser to date as rent and as agreed and liquidated damages.' " (85 Ill. App. 2d 195, 198, 228 N.E.2d 544, 546-47.) We noted that there, as here, the contract did not say that the vendor was limited to liquidated damages but held that the vendor could not declare the contract at an end, retake possession, and, at the same time, sue for actual damages.

The *Morey* court quoted from *Wollenberger v. Hoover* (1931), 346 Ill. 511, 179 N.E. 42, where it was stated:

" ' "If the vendor exercises his option to declare the contract at an end he cannot change his position and thereafter hold the purchaser liable to complete the purchase or pay any part of the unpaid purchase money. The remedy of the vendor by way of cancellation of the contract and the continued liability of the purchaser for the purchase money are totally inconsistent, and the exercise of the former terminates any further liability of the purchaser for the purchase money." ' " (85 Ill. App. 2d 195, 199, 228 N.E.2d 544, 547, quoting from 346 Ill. 511, 545, 179 N.E. 42, 57.)

Other Illinois decisions have also held that a vendor under an installment sale real estate contract cannot both forfeit and terminate the contract regaining the real estate and also sue under the contract for actual dam-

ages, but must elect which remedy he wishes to pursue. *Curtin v. Ogborn* (1979), 75 Ill. App. 3d 549, 394 N.E.2d 593; *Hooven v. Woodiel* (1975), 27 Ill. App. 3d 467, 327 N.E.2d 276.

In all of these cases the court applied the doctrine that a party may not invoke inconsistent remedies at the same time. In *Fleming v. Dillon* (1938), 370 Ill. 325, 18 N.E.2d 910, the court stated that for one proceeding to be a bar to another, the remedies must proceed from opposite and irreconcilable claims of right and must be so inconsistent that a party could not logically assume to follow one without renouncing the other. In *Faber, Coe & Gregg, Inc. v. First National Bank* (1969), 107 Ill. App. 2d 204, 246 N.E.2d 96, the court stated that the doctrine of election of remedies has been confined to its true remedial purpose as a doctrine of substance and should be confined to cases where (1) double compensation of the plaintiff is threatened, (2) the defendant has actually been misled by the plaintiff's conduct, or (3) *res judicata* can be applied.

Plaintiffs claim their present suit does not fit any of the above categories. Analyzing the case on the basis of those categories, obviously the question of double compensation is the only one which could be present here. In regard to that question, plaintiffs cite (1) *Altom v. Hawes* (1978), 63 Ill. App. 3d 659, 380 N.E.2d 7 (unsatisfied judgment for damages against person who had converted chattel, no bar to replevin against possessor); (2) *Rotogravure Service, Inc. v. R. W. Borrowdale Co.* (1979), 77 Ill. App. 3d 518, 395 N.E.2d 1143 (where decree for specific performance of a contract was found to be unenforceable, subsequent judgment for monetary damages for breach permissible); and (3) *Roberts v. Sears, Roebuck & Co.* (7th Cir. 1978), 573 F.2d 976.

In *Roberts* a Sears sales clerk had invented and patented a socket wrench with a quick release feature. Through several misrepresentations, Sears was able to buy the patent from the clerk at an extraordinarily low price. The clerk filed suit against Sears seeking alternatively the return of the patent and restitution or damages for fraud, breach of a confidential relationship, and negligent misrepresentation. The jury found in favor of the clerk on each of his counts and entered judgment for one million dollars on each count, but the award was not cumulative. The clerk's post-trial motion for rescission and restitution was denied, on the basis that when the clerk permitted the case to go to the jury, he had elected his legal remedy and could not later also seek his equitable relief. On review, the Federal court concluded that it was not bound by the Illinois election of remedies doctrine because the question was one of procedure. The court found no basis for invoking the election of remedies doctrine with regard to an election between the profits awarded by the jury and the return of the patent based on rescission. The court found no double re-

covery or factual inconsistency in allowing the clerk damages for past profits lost and also the return of the patent so that future benefits from it could be received.

The case on appeal is clearly different from *Altom* or *Rotogravure Service, Inc.* in that no question exists of any otherwise inconsistent remedy having resulted in an unsatisfied judgment or unenforceable decree. The case is more analogous to *Roberts*, but that decision did not purport to be based on Illinois law and it is not binding on us. Moreover, in *Roberts* the property in question had been converted, and the case was not controlled by the terms of a contract providing for termination and forfeiture.

Plaintiffs' claim for interest and reimbursement for tax payments arose from the terms of the contract. Their claim for damages for failure to care for the property also arose from a claimed breach of the contract. Under the cited Illinois authority, they cannot make these claims after having elected to retake possession of the property. This precedent requires us to affirm. Less restrictive theories of election of remedies also support this determination. If a vendor under an installment contract for sale of real estate is permitted, upon the purchaser's default, to both retake the property and get some benefit of the contract price upon default, the seller will be unjustly enriched if there has been a sufficient enhancement in the value of the real estate between the time of sale and that of default.

■■ Plaintiffs argue that they should not be limited to liquidated damages because the amount of the down payment is unconscionably small. They did not so allege in their complaint. Furthermore, they did not have to opt for the termination and forfeiture remedy. They could have chosen to allow the contract to remain in force and sued for their actual damages or they could have sued to rescind. Their theory of recovery is not enhanced because of the small sum provided for as liquidated damages.

For the reasons stated, we affirm.

Affirmed.

MILLS and LONDRIGAN, JJ., concur.