BRUNO BENEDETTI & SONS, INC., Plaintiff-Appellant, *v.* ROBERT O'MALLEY *et al.*, Defendants-Appellees.

Second District   No. 83—539

Opinion filed May 22, 1984.

Marianne D. Yacobellis, of Cellucci & Yacobellis, of Naperville, for appellant.

Robert E. Chew, of Chew & Yorke, of Wheaton, for appellees.

JUSTICE VAN DEUSEN delivered the opinion of the court:

On February 7, 1981, defendants Robert and Margaret O'Malley entered into an installment agreement with plaintiff for a residential property. The O'Malleys failed to make installment payments for January, February and March 1982. On February 19, 1982, plaintiff's notice of intent to declare a forfeiture was served on Robert O'Malley at his place of business, and, at the same time, a copy addressed to Margaret O'Malley was also delivered to Robert O'Malley. On or about March 23, 1982, the O'Malleys vacated the premises.

On June 17, 1982, plaintiff filed a two-count complaint against the O'Malleys and others, whose claims were apparently based on May and June 1981 conveyances of the property. Count I against the O'Malleys was for breach of contract for failure to make required payments for January through March 1982, to pay accrued taxes, and to keep the premises in good condition and repair. Count II alleged that plaintiff had reacquired title to the subject realty by the declaration of

forfeiture and the defendants' claims to the property constituted a cloud on plaintiff's title. As relief plaintiff sought judgment against defendants in the amount of $7,193.46, costs and reasonable attorney fees, and a decree finding and confirming title in plaintiff's name in fee simple, free and clear of defendants' purported claims of interest.

On July 29, 1982, plaintiff caused to be recorded with the Du Page County recorder of deeds a declaration of forfeiture of the interest of the O'Malleys. On August 24, 1982, a default order was entered against the defendants for failure to appear or answer, and the matter was continued for proof of damages. On September 24, 1982, counsel for defendants was granted leave to file an appearance and one week to file an answer.

At this point plaintiff's counsel incorrectly suggested to the court that a section 72 petition (Ill. Rev. Stat. 1981, ch. 110, par. 72, now Ill. Rev. Stat. 1981, ch. 110, par. 2—1401) was necessary because 31 days had elapsed since the entry of the default order. The judge mistakenly agreed and, in substance, directed defense counsel to file such a motion and stated that he would vacate it and give plaintiff a day in court but that if an answer was not filed within one week from that day, he was going to have a prove-up instanter. On October 1, 1982, defendants filed a section 2—1401 petition, which the trial court granted and vacated the default order.

On October 20, 1982, plaintiff filed an amended complaint which was substantially the same as the original. On November 9, 1982, defendants filed a motion for summary judgment, alleging as to count I that, after defendants Robert and Margaret O'Malley vacated the premises in response to plaintiff's February 19, 1982, notice of intent to declare a forfeiture of rights under the articles of agreement, plaintiff took physical possession of the subject property; that plaintiff thus unilaterally terminated the O'Malleys' interest; that plaintiff subsequently took the benefit of such termination; and that plaintiff now sought relief based on the articles of agreement. As to summary judgment on count II, the other defendants maintained that plaintiff reacquired the fee simple title to the real estate free of their interest in it by the declaration of forfeiture recorded July 29, 1982.

The trial court granted defendants' motion for summary judgment on both counts, and a written order was filed March 15, 1983. In substance, the court found, *inter alia*, that an election to declare forfeiture dated February 19, 1982, was served by plaintiff on defendant O'Malleys, that possession of the subject real estate was regained by plaintiff between the service of that notice and commencement of the present action on June 17, 1982, that by service of the notice plaintiff

had made an election to the exclusion of other available remedies it may have had, and that under *Herrington v. McCoy* (1982), 105 Ill. App. 3d 527, this election constituted a bar in the instant case to suit for other damages. Plaintiff's motion for reconsideration was denied.

We first note that appellees have failed to file a brief in this appeal; however, pursuant to the guidelines in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 130, we have chosen to consider and decide the merits of the appeal.

■ Plaintiff's first contention on appeal deals with alleged errors of the trial court in vacating an order of default more than 30 days after its entry. The basic flaw in this contention is that it is based upon the premise that the order of default was a final order and that, therefore, a petition pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401) was required in order for the trial court to have authority to vacate the order. However, the order of default in question was not a final order. After entering the default order, the trial court had continued the cause for a prove-up of damages. No judgment for damages was ever entered.

Because the order of default was not a final order or judgment, a section 2—1401 motion was neither necessary nor proper. The trial court had the authority pursuant to section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1301(e)) to set aside the order of default in its discretion before final order or judgment. Section 2—1401 applies to petitions for relief from final orders or judgments after 30 days from the entry thereof, and defendants' motion here was outside the ambit of that section. The court required a section 2—1401 petition pursuant to a request by plaintiff, and we deem that it is not proper that plaintiff should be able to take advantage of a trial court error that it induced.

Since this situation is not under section 2—1401, defendants did not have to conform to the requirements of that section and affirmatively show due diligence and a meritorious defense. The court was aware of the pertinent facts: only 31 days had elapsed since the entry of the default order; according to the complaint, plaintiff had served a notice of forfeiture and had declared a forfeiture while seeking damages to the subject property; and defendants appeared before the court and were ready to answer. Under these circumstances, the court properly exercised its discretion to grant the defendants their day in court to answer and defend against plaintiff's claims.

■ ■ Plaintiff next contends, in essence, that the trial court erred in granting defendants' motion for summary judgment based on a finding that plaintiff made an effective election to declare a forfeit-

ure which barred the action for damages. Plaintiff posits three bases to support this contention. None appear meritorious.

First, plaintiff asserts that the trial court erred in finding that service of a notice of intent to declare a forfeiture barred any action for further damages where there was no evidence before the court that the value of the property had appreciated, citing *Herrington v. McCoy* (1982), 105 Ill. App. 3d 527. Because the court had no evidence on appreciation in value at the time it ruled on the motion for summary judgment, plaintiff asserts that a fact question existed that made summary judgment improper. Plaintiff misinterprets *Herrington*.

*Herrington* holds that under Illinois authority in forfeiture cases a party cannot make claims arising out of breach of contract terms after having elected to retake the property. (105 Ill. App. 3d 527, 530-32.) The language upon which plaintiff relies comes in reference to cases where election of remedies occurred in settings other than that of forfeiture, which cases the court had distinguished prior to announcing its holding. It is a statement of the court offered as further support for the holding that the court had already stated was mandated by prior forfeiture cases. (105 Ill. App. 3d 527, 532.) This language was not essential to the holding.

This reading of *Herrington* is supported by the fact that, contrary to plaintiff's statement on appeal that there was evidence of such appreciation in *Herrington*, no reference to any such evidence appears in the opinion in that case. Further, the court went on to point out in that case that plaintiffs need not have opted for the termination and forfeiture remedy if they felt that it would not afford adequate compensation but could have allowed the contract to remain in force and sued for actual damages. (105 Ill. App. 3d 527, 532.) In *Herrington*, adequacy of the vendor's compensation is not determinative of whether he has made a binding election by declaration of forfeiture.

Plaintiff goes on to argue that the termination notice in the case at bar was served after the filing of the complaint and defendants' vacation of the premises, whereas in *Herrington* the notice was served prior to retaking possession. Actually, the notice of intent to declare a forfeiture was served in this case on February 19, 1982; defendants vacated the property at the end of March 1982; the complaint was filed June 17, 1982; and the declaration of forfeiture was filed with the county recorder on July 29, 1982. Even if the effective date of plaintiff's election here was July 29, 1982, *Morey v. Huston* (1967), 85 Ill. App. 2d 195, 200, holds that a subsequent forfeiture of the contract amounts not only to a termination of the contract but also an

abandonment of a suit previously instituted to recover back installments, taxes and insurance required under the covenants of the contract. Plaintiff's claims here are similarly based on covenants in the contract and, based on *Morey*, it is immaterial to an effective election to bar suit for contract damages whether the forfeiture was declared after the institution of the suit.

Next, plaintiff maintains that, without further evidence or the taking of testimony, the court could not determine whether the filing of the termination notice was an election *vis-a-vis* the O'Malleys or one only with respect to the other defendants, who derived their interest through conveyances subsequent to the installment contract. This argument borders on specious. It is true that the declaration of forfeiture names only the O'Malleys, which is proper since they were the parties to the installment agreement. However, the court had before it a complaint in which plaintiff alleged that the claims of the other defendants were derivative of the installment agreement extinguished by the forfeiture and in which plaintiff requested as relief a decree finding and confirming its title in fee simple, free and clear of the purported interest of all defendants. The plaintiff's election of forfeiture was directed against all defendants, and no further testimony or evidence was necessary for that determination.

As a second basis for its contention that the court erred in finding that plaintiff made an effective election to declare a forfeiture that barred an action for damages, plaintiff argues that the court afforded no consideration to language in the agreement in the case at bar, which specifically states that forfeiture is not the exclusive remedy and that the seller has the right to pursue every other remedy given by the agreement, law, or equity contemporaneously with exercise of the right of forfeiture. Plaintiff contends that this provision, which was not present in *Herrington*, contemplated precisely the situation here and to deny recovery in dependence on *Herrington* and without consideration of the aforesaid provision is to deny plaintiff's freedom to contract and to fail to consider all the facts before the court in granting summary judgment.

The relevant provisions of the agreement here are as follows:

"If the PURCHASERS fail to cure [a] default within the [stated] cure period, this contract shall, at the option of SELLER, be forfeited, and the PURCHASERS shall forfeit all payments made pursuant to this agreement and such payments shall be retained by SELLER as damages by SELLER sustained and in such event SELLER shall have the right to re-enter and take possession of the premises aforesaid.

> In the event this agreement shall be declared null and void by SELLER on account of any default, breach or violation by PURCHASERS in any of the provisions hereof, this agreement shall be null and void and be so conclusively determined by the filing by SELLER of a written declaration of forfeiture hereof in the Recorder's office of the County in which the property is located.
>
> The remedy of forfeiture herein given to SELLER shall not be exclusive of any other remedy given by this agreement or by law or equity and SELLER shall have every other remedy given by this agreement or by law or equity, and shall have the right to maintain and prosecute any and every such remedy contemporaneously or otherwise with the exercise of the right of forfeiture or any other right herein given."

The first provision is similar to that in *Herrington*. The second provision states that seller's filing of a written declaration of forfeiture in the county recorder's office, as plaintiff did, constitutes a conclusive determination that he has declared the agreement to be null and void and it has become so. The third provision, upon which plaintiff relies, preserves seller's right to pursue any other claims under the agreement, law or equity contemporaneously with that of forfeiture, and would seem to include an action, such as this, for contract damages.

However, in construing a contract, it is presumed that all provisions were inserted for a purpose, and conflicting provisions will be reconciled if possible so as to give effect to all of the contract's provisions. (*National Aircraft Leasing, Ltd., v. American Airlines, Inc.* (1979), 74 Ill. App. 3d 1014, 1023.) The second provision here expressly provides that filing the declaration of forfeiture is a conclusive determination that the seller holds the contract null and void, while the third provision purportedly reserves the right of the seller to sue on the contract at the same time. A vendor may not invoke a remedy based on affirmance of the contract and also invoke a remedy that is based on disaffirmance. (*Morey v. Huston* (1967), 85 Ill. App. 2d 195, 200.) In order to give effect to both provisions, the contract must be construed so as to allow remedies contemporaneous with forfeiture other than those based on the contract itself, *e.g.*, negligent damage to the premises.

The plaintiff here specifically sought damages based on the contract itself and, in the same complaint, sought a declaration of fee simple title in its name based on the forfeiture. Subsequent to filing the complaint, plaintiff caused a declaration of forfeiture to be filed with the county recorder. Actions recognizing and based on the exist-

ence of the contract are effectively at an end after forfeiture because the right to exercise them died with the termination of the contract; the death of such rights by forfeiture causes with it the death of pending suits whose sole foundation is the existence of such rights. The continuation of a suit for breach of contract after forfeiture would eliminate the very basis on which the forfeiture itself rests. (*Morey v. Huston* (1967), 85 Ill. App. 2d 195, 200-01.) The remedy plaintiff sought in its lawsuit is not one that plaintiff could pursue subsequent to declaration of forfeiture, and this conclusion is not at odds with the language of the contract when construed so as to give effect to all of its provisions.

■ Plaintiff's third and final basis for its contention that the trial court erred in finding that plaintiff made an effective election to declare a forfeiture, thus barring the contract damages action, is that the interest of Margaret O'Malley was never appropriately forfeited because notice to her was defective. Even if, as plaintiff maintains, a rule of equity has evolved that a purchaser must be given a reasonable warning of the seller's intention to declare a forfeiture and 30 days' notice is sufficient (*Limar-Pinehurst, Inc. v. Welter* (1976), 38 Ill. App. 3d 800, 807 (Dixon, J., dissenting)) and if that requirement would be applicable on the facts of this case, the purpose of such a requirement is to protect the interests of the buyer (see *Kirkpatrick v. Petreikis* (1976), 44 Ill. App. 3d 575, 577). Similarly, the statutory requirement of 30 days' notice either personally delivered to purchaser or sent to his last known address by registered or certified mail before an action in forcible entry and detainer may be maintained (Ill. Rev. Stat. 1981, ch. 110, pars. 9—102, 9—104), cited by plaintiff in support of its position, is intended for the buyer's benefit. (See *Limar-Pinehurst, Inc. v. Welter* (1976), 38 Ill. App. 3d 800, 807 (Dixon, J., dissenting).) Likewise, the contract provision that the seller is to notify the purchasers by certified mail, return receipt requested, of any default and allow them 10 days to cure the default and that, upon their failure to cure, the contract could, at seller's option, be forfeited is for the benefit of the buyers and not for the benefit of the seller. The buyers here do not complain of the forfeiture, but have and do acquiesce in it. (See *Morey v. Huston* (1967), 85 Ill. App. 2d 195, 198.) It is not proper that the seller should be able to escape the result of its election by this means.

In sum, the court had and properly exercised its discretion pursuant to section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1301(e)) to set aside the order of default before a prove-up was had and any default judgment was entered.

Since this was not a final judgment, a section 2—1401 motion was not necessary, and defendants did not have to conform to the requirements of that section by affirmatively showing due diligence and a meritorious defense. Plaintiff's contention that the trial court erred in granting defendants' motion for summary judgment based on a finding that plaintiff made an effective election to declare a forfeiture lacks merit on all three proffered bases. Having exercised its right to declare a forfeiture, the seller made its choice. Plaintiff can have one remedy but not both. Plaintiff chose to take the property and terminate the contract. It is bound by that choice. *Morey v. Huston* (1967), 85 Ill. App. 2d 195, 201.

The judgment of the trial court is affirmed.

Affirmed.

NASH and UNVERZAGT, JJ., concur.