**LANDAU & CLEARY, LTD.,**
**Plaintiff-Appellee,**
**Cross-Appellant,**

v.

**HRIBAR TRUCKING, INC., a Wisconsin Corporation, and Leo Hribar, Defendants-Appellants, Cross-Appellees.**

Nos. 85–3139, 85–3202.

United States Court of Appeals,
Seventh Circuit.

Argued May 6, 1986.

Decided Dec. 3, 1986.

As Amended Dec. 17, 1986.

Ronald J. Steinle, III, Milwaukee, Wis., for defendants-appellants, cross-appellees.

Steven L. Sommerfield, Landau & Cleary, Ltd., Downers Grove, Ill., for plaintiff-appellee, cross-appellant.

Before CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

The primary question presented in this appeal is whether the district court's finding that the submission of monthly bills was not a condition precedent to the enforcement of the defendant's oral agreement to pay the plaintiff for legal services was erroneous. For the reasons stated below, we will affirm the judgment of the district court and remand for a determination of pre-judgment interest.

## I

Following a bench trial, the district court made the following findings of fact. In August, 1981, the plaintiff, Landau & Cleary, Ltd. ("Landau"), a professional corporation licensed by the State of Illinois and engaged in the practice of law, entered into an oral contract with the defendants, Hribar Trucking, Inc., a Wisconsin corporation, and Leo Hribar, a Wisconsin resident, (collectively referred to as "Hribar"), to represent Hribar in a suit Hribar was defending before this court and the United States District Court for the Eastern District of Wisconsin.

Under the terms of the agreement, Hribar was to pay Landau a general hourly rate of $75.00 and an hourly rate of $90.00 for "contested time." Landau rendered legal services to Hribar pursuant to the agreement up until December 16, 1983, for which Landau received $20,057.91. Hribar agreed to pay Landau for fees and costs incurred after December 16, 1983. The parties agreed further that a final billing was to be made at the time the suit was settled or judgment was entered. In addition, Landau, with Hribar's consent, retained a consulting firm, Sweeney Financial Analysts, Ltd. ("Sweeney"), to assist in the Hribar litigation. Hribar also agreed to compensate Landau at the end of the litigation for services rendered by Sweeney after December 16, 1983.

A settlement was reached on January 22, 1985. On January 28, 1985, Sweeney presented a statement to Landau in the amount of $15,382.40 for services rendered after December 16, 1983. Hribar received a copy of the statement on February 15, 1985. On January 29, 1985, Landau submitted a statement to Hribar for fees and costs Landau incurred after December 16, 1983. The parties discovered that the statement was incorrect. On February 22, 1985, Landau presented Hribar with a cor-

rected "Final Billing" in the amount of $28,035.98. Hribar refused to pay either the Sweeney statement or the final billing from Landau.

On February 25, 1985, Landau filed suit against Hribar in Illinois state court. Under Count I of its complaint, Landau alleged that Hribar had breached its oral agreement with Landau, and sought $28,035.98 for fees and costs incurred under the agreement after December 16, 1983. Under Count II, Landau sought $56,638.39 under the theory of *quantum meruit* for the reasonable value of services rendered after December 16, 1983. Under Count III, Landau alleged that Hribar had fraudulently induced Landau to continue its representation of Hribar, and sought compensatory damages (including the amount of fees and costs incurred) and punitive damages. On March 25, 1985, Hribar removed the action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332 and 1441(a), on the basis of diversity of citizenship. On August 27, 1985, Landau amended its complaint to include a claim in the amount of $15,382.40 for Sweeney's consulting services.

The district court, on November 19, 1985, ordered that judgment be entered in favor of Landau for $43,418.38 on its contract claim, but denied pre-judgment interest. The court entered judgment in favor of Hribar on Landau's *quantum meruit* and fraud claims. In addition, pursuant to Fed. R.Civ.P. 54(d), the court directed that each party bear its costs. Hribar appeals from the judgment against it on Landau's contract claim. Landau cross-appeals from the judgment against it on its *quantum meruit* and fraud claims.

## II

### A.  Contract Claim

At trial, Hribar had argued that, according to the terms of their agreement, the submission of monthly bills for both the Landau and the Sweeney accounts was a condition precedent to payment. The district court found this not to be the case for either of the two accounts. The court also found that, even if monthly bills were a condition precedent, Hribar had waived that condition by subsequently agreeing with Landau to a final billing to be submitted at the time the litigation was ended by judgment or settlement. On appeal, Hribar argues that the district court's findings were clearly erroneous.

Under Illinois law, the issue whether monthly billings were a condition precedent to the payment of the Landau and Sweeney accounts is a question of the parties' intent, and hence, an issue of fact, not law. *See, e.g., Inland Real Estate Corp. v. Christoph,* 107 Ill.App.3d 183, 187, 63 Ill.Dec. 9, 12, 437 N.E.2d 658, 661 (1st Dist.1981); *Lyntel Products v. Alcan Aluminum Corp.,* 107 Ill.App.3d 176, 180–81, 63 Ill. Dec. 4, 8, 437 N.E.2d 653, 657 (1st Dist. 1981); *Crum v. Krol,* 99 Ill.App.3d 651, 656, 54 Ill.Dec. 864, 868, 425 N.E.2d 1081, 1085 (1st Dist.1981); *Lynge v. Kunstmann,* 94 Ill.App.3d 689, 694, 50 Ill.Dec. 146, 150, 418 N.E.2d 1140, 1144 (2nd Dist. 1981). It is, of course, well settled that we must defer to the district court's findings of fact unless they are "clearly erroneous." Fed.R.Civ.P. 52(a); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson,* 470 U.S. at 573, 105 S.Ct. at 1511 (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

█ In deciding whether a district court's findings are clearly erroneous, we may not "retry" the evidence, *Tulloss v. Near North Montessori School,* 776 F.2d 150, 157 (7th Cir.1985); *DePass v. United States,* 721 F.2d 203, 205 (7th Cir.1983), but rather must determine whether the record supports the contested findings. *DePass,* 721 F.2d at 205. Moreover, when, as in the instant appeal, the findings are based on

the trial judge's "decision to credit the testimony of ... witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson*, 470 U.S. at 575, 105 S.Ct. at 1513; *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 314 (7th Cir. 1986); *Muslin v. Frelinghuysen Livestock Managers*, 777 F.2d 1230, 1233 (7th Cir. 1985). Thus, as the Supreme Court explained in *Anderson*, 470 U.S. at 574, 105 S.Ct. at 1512:

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*See also Walton v. United Consumers Club, Inc.*, 786 F.2d at 314.

■ There was conflicting testimony in the instant case on the issue whether monthly billings were a condition precedent to payment. The district court chose to credit Landau's version of the facts surrounding the formation of the agreement. After a careful review of the record, it is our opinion that the district court's decision in this regard falls well within the permissible bounds of choice. We need ask no more, and hence, hold that the court's finding was not error.

### B.   Cross-Appeals

Both of Landau's cross-appeals may be disposed of summarily. Landau's first cross-appeal is from judgment for Hribar on the *quantum meruit* claim. It is, of course, clear that Landau cannot recover both on the contract with Hribar and in *quantum meruit*. *See, e.g., Durr v. Beatty*, 142 Ill.App.3d 443, 96 Ill.Dec. 623, 629,

491 N.E.2d 902, 908 (5th Dist.1986); *Bruno Benedetti & Sons, Inc. v. O'Malley*, 124 Ill.App.3d 500, 506–08, 79 Ill.Dec. 694, 700–02, 464 N.E.2d 292, 297–98 (2nd Dist.1984); *Crum v. Krol*, 99 Ill.App.3d at 663–64, 54 Ill.Dec. at 873, 425 N.E.2d at 1090. Although the terms of the oral agreement between Hribar and Landau were disputed, Landau did not "disaffirm" the agreement and elect to proceed on a theory of *quantum meruit*. *See Durr v. Beatty*, 96 Ill. Dec. at 629, 491 N.E.2d at 908; *Bruno Benedetti & Sons, Inc.*, 124 Ill.App.3d at 506–08, 79 Ill.Dec. at 700–02, 464 N.E.2d at 297–98. In its brief to this court, Landau argued, "[i]f, as Hribar Trucking contends, there was no enforceable contract, then Landau & Cleary, Ltd. under either express contract or *quantum meruit*, as Hribar Trucking seeks to do, would amount to unjust enrichment to Hribar Trucking to the extent of the value of the services performed." Appellee's Brief at 8–9. We understand this argument, such as it is, to be that the quantum meruit claim was conditioned on Landau's being unable to prove the existence of an enforceable contract between it and Hribar.[1] *See Greenbaum & Browne, Inc. v. Braun*, 88 Ill.App.3d 210, 43 Ill.Dec. 303, 410 N.E.2d 303 (1st Dist.1980). Because the district court found that the submission of monthly billings was not a condition precedent of the parties' agreement, this condition fails, and with it Landau's *quantum meruit* claim.

We find that Landau's cross-appeal from judgment for Hribar on the fraud claim is totally without merit and thus warrants no further discussion.

### C.   Remaining Issues

■ Landau argues that the district court abused its discretion in not awarding costs to it under Fed.R.Civ.P. 54(d). We disagree. In light of the fact that both parties prevailed on one or another of the claims, it was within the district court's sound discretion not to award Landau costs.

---

1.   In concluding its brief Landau also stated, "[i]t is further asserted that in the event that Count I [the contract claim] is reversed, Landau & Cleary, Ltd. is entitled to recovery on Count II, quantum meruit."

Finally, Landau argues that the district court should have assessed pre-judgment interest against Hribar from February 22, 1985, the date of the "Final Billing." We agree that an assessment of statutory pre-judgment interest is appropriate in this case, *see Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417, 1425–26 (7th Cir.1986); *City of Chicago v. United States Department of Labor*, 753 F.2d 606, 608 (7th Cir.1985), but because the record is unclear as to exactly when Hribar received an accounting that accurately established its obligation to recompense Landau under the agreement, we will remand the action to the district court for a determination of the matter.

### III

*For the reasons stated above, the judg*ments of the district court on Counts I, II, and III are AFFIRMED, and the case is REMANDED for a determination of pre-judgment interest. Each party to bear its costs on appeal. Circuit Rule 18 shall not apply.