LEO PALEN *et al.*, Plaintiffs-Appellants, v. CULLOM CAPITAL WOOD-WORKING, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 4—86—0562

Opinion filed April 13, 1987.

Kinate & Morgan, of Fairbury, for appellants.

Thompson, Strong, Blakeman & Schrock, Ltd., of Pontiac (C. Thomas Blakeman, of counsel), for appellees.

JUSTICE KNECHT delivered the opinion of the court:

The Livingston County circuit court granted summary judgment for the defendants, finding they could not be held liable for damages resulting from breach of a contract for deed once plaintiffs opted to declare the contract forfeited. We affirm.

On April 27, 1981, plaintiffs entered into a contract for deed with defendant Cullom Capital Woodworking, Inc. (Corporation). Pursuant to a contract provision, defendants Ivan Stoller and Phillip Thames, primary stockholders in the Corporation, personally guaranteed the Corporation's performance of the contract. This guaranty appeared at the bottom of the last page of the primary contract.

The purchase price of the property was $45,000; a $1,000 down payment with the balance due May 1, 1986. During the course of the contract, the Corporation was to make monthly interest payments of $500. If the buyer failed to make these monthly payments, the contract allowed the sellers to declare buyer in default and accelerate the balance due. Should the buyer default, the sellers also had the option under the contract "to treat this Agreement as at an end and to reenter and regain possession of said premises as if this Agreement had never been made."

The buyer fell three months in arrears on the interest payments. Plaintiffs elected to accelerate payment of the balance due under the contract. On August 7, 1985, plaintiffs filed suit to collect the balance due, interest, attorney fees, and costs. This complaint also sought to recover on the personal guaranty executed by defendants Stoller and Thames.

On February 28, 1986, prior to trial, plaintiffs notified the Corporation of their intention to declare the contract forfeited and to regain possession of real estate. Plaintiffs ultimately regained possession of the property and sold it to a third party for some $18,000. The record indicates the guarantor defendants were not only aware of the forfeiture, but wished it to occur.

Defendants filed a motion for summary judgment arguing the plaintiffs could not seek damages pursuant to the contract for deed and the accompanying guaranty after having declared the contract forfeited. The circuit court granted the defendants' motion.

On appeal, plaintiffs concede their actions in declaring the contract forfeited precluded any recovery under the contract from the corporate defendant. However, apparently theorizing the contract forfeiture was a "modification" of the agreement, made with the guarantor's knowledge and consent, plaintiffs argue they are still entitled to collect damages from the guarantors. Plaintiffs also contend the guaranty represents an obligation completely independent of the primary agreement, permitting plaintiffs to enforce the guaranty despite forfeiting the contract.

Generally, a vendor's election to declare a contract for deed forfeited precludes the vendor from obtaining damages for

breach of the contract. (*Herrington v. McCoy* (1982), 105 Ill. App. 3d 527, 434 N.E.2d 67; *Morey v. Huston* (1967), 85 Ill. App. 2d 195, 228 N.E.2d 544.) If a vendor declares the contract forfeited after filing suit to recover damages under the contract, the vendor abandons the suit for contractual remedies. (*Bruno Benedetti & Sons, Inc. v. O'Malley* (1984), 124 Ill. App. 3d 500, 464 N.E.2d 292; *Morey v. Huston* (1967), 85 Ill. App. 2d 195, 228 N.E.2d 544.) Although the language of a guaranty agreement ultimately determines a specific guarantor's liability, the general rule is that discharge, satisfaction, or extinction of the principal obligation also ends the liability of the guarantor. *Mazur v. Stein* (1942), 314 Ill. App. 529, 41 N.E.2d 979; see also *Perino v. Protect-All-Shelters, Inc.* (1970), 128 Ill. App. 2d 477, 262 N.E.2d 349.

Although these general principles would preclude plaintiffs from recovering damages pursuant to the guaranty, plaintiffs argue the present case falls outside the general rule.

Plaintiffs suggest their declaration of forfeiture as a "modification" of the principal agreement in which the guarantors acquiesced. From this premise, plaintiffs conclude the guarantors remain bound to guaranty "[b]uyer's performance of this [primary] contract."

■ Material alteration of the primary agreement discharges a guarantor unless he has knowledge of the change and assents to it. (*Lawndale Steel Co. v. Appel* (1981), 98 Ill. App. 3d 167, 423 N.E.2d 957.) However, we believe declaring forfeiture of this primary agreement did not simply alter the parties' contractual obligations. It eliminated them "as if [the] Agreement had never been made." Similarly, the guarantors' assurances of performance ended with the contract to which they were tied.

Plaintiffs also argue a guarantor's undertaking is a contract separate and independent from that of the primary agreement. However, even assuming the general validity of the plaintiffs' proposition, the guarantors in the present case guaranteed only the buyer's performance of the contract for deed. That agreement ceased to exist with the plaintiffs' declaration of forfeiture, and nothing remained for defendants to guarantee.

The plaintiffs suggest that a "guarantor is liable on his guaranty regardless and irrespective of the liability of the principal obligor," relying upon cases involving commercial paper. (See *Beebe v. Kirkpatrick* (1926), 321 Ill. 612, 152 N.E. 539; *Holm v. Jamieson* (1898), 173 Ill. 295, 50 N.E. 702; *Chicago Title & Trust Co. v. Cohen* (1936), 284 Ill. App. 181, 1 N.E.2d 717.) Plaintiffs' argument ignores the fact that in the case of commercial paper, an unconditional guaranty

attests to the validity of the instrument. This warrant is justified by the need to ensure the smooth flow of commerce. (*Holm v. Jamieson* (1898), 173 Ill. 295, 50 N.E. 702.) However, even these cases do not suggest a guarantor may not defend against payment on his guaranty by reason of payment, proper setoff, or forfeiture of the principal agreement.

Plaintiffs' reliance upon the court's opinion in *Cala v. Gerami* (1985), 137 Ill. App. 3d 936, 484 N.E.2d 1199, is likewise misplaced. In *Cala*, the vendee gave a promissory note to the vendors as an installment payment under a contract for deed. The vendees subsequently defaulted and the vendors exercised their option to declare the contract forfeited and to keep previously paid installments as liquidated damages. Holding the vendors were entitled to collect on the vendees' promissory note, the appellate court found the promissory note constituted a "payment" which could be forfeited to the vendors in the event of default. Since the principal contract did not specifically require use of a promissory note, the court saw no reason to prevent the vendors from collecting on that note since it was not a part of the forfeited contract. A vendor may collect on a negotiable instrument received as a payment under an installment contract prior to forfeiture as in *Cala*, but that sheds no light upon the question of whether a guarantor is liable to perform when the principal agreement no longer exists.

■ Since the individual defendants guaranteed only performance of the contract by the corporate defendant, forfeiture of that contract released the guarantors' obligation as a matter of law. The circuit court properly entered summary judgment for the defendants.

Affirmed.

GREEN and LUND, JJ., concur.