Jeary SMITH, Plaintiff,

v.

NAVISTAR INTERNATIONAL
TRANSPORTATION CORP.,
et al., Defendants.

No. 87 C 4092.

United States District Court,
N.D. Illinois, E.D.

July 17, 1990.

David Bikoff, Indianapolis, Ind. and Fred
R. Harbecke, Chicago, Ill., for plaintiff.

Hal Morris, Arnstein Gluck Lehr & Milligan, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Jeary K. Smith has filed a motion to reconsider both our order issued January 27, 1989, granting partial summary judgment for defendants as to damages, and the entry of judgment against defendants on February 28, 1989. For the reasons set forth below, both of Smith's motions for reconsideration are denied.

On November 7, 1984, Jeary K. Smith bought a Navistar Model F–9370 semi-tractor truck from defendant Jones, a Navistar dealer, with financing arranged through defendant Navistar Financial. Within the first six months, Smith encountered numerous problems with his Navistar truck. After at least ten unsuccessful repair attempts, Smith revoked his acceptance of the truck.

Smith subsequently sued Jones and Navistar for breach of express and implied warranties of merchantability. Smith

claimed that he was entitled to damages consisting of the difference in the value of the truck as warranted and as delivered, as well as incidental and consequential damages. Defendants moved for summary judgment on Smith's claims, contending that the warranty contained in the Retail Order ("contract") disclaimed defendants' liability for express or implied warranties of merchantability and for incidental and consequential damages.

On January 27, 1989, we granted partial summary judgment for defendants as to Smith's damage claims. The dispositive issue raised by the parties was whether Smith could recover incidental and consequential damages despite expressly waiving his rights to such damages in the contract. In resolving this issue, we adopted as Illinois law the rule set forth in *AES Technology Sys., Inc. v. Coherent Radiation*, 583 F.2d 933 (7th Cir.1978), and held that while a waiver generally precludes recovery of consequential damages, such damages may be recovered, despite a disclaimer, where "the buyer can demonstrate that the warranty fails of its essential purpose and the parties did not contractually allocate all attendant risks." *Smith v. Navistar Int'l Transp. Corp.*, 714 F.Supp. 303, 308 (N.D.Ill.1989). However, because Smith failed to produce any evidence that such risks had not been contractually allocated, he did not meet the requirements of this test. Thus, no genuine issue remained as to whether Smith could recover consequential damages, and we granted defendants' summary judgment motion on Smith's damages claim.

Based on our January 27, 1989 order, Navistar subsequently moved to have judgment entered against itself and in favor of Smith. In so doing, Navistar relied on the fact that our January 27, 1989 order established the maximum amount of damages Smith could recover by a jury trial. Thus, Navistar moved for entry of judgment, reasoning that, in accordance with Fed.R. Civ.P. 1, a judgment against itself would be the most expeditious resolution of this matter. Accordingly, judgment was entered against Navistar on February 28, 1989, for $19,526.70.

In his current motions, Smith asks us to reconsider both the order of January 27, 1989, and the judgment entered February 28, 1989. Smith asserts that he has been denied the opportunity to present arguments concerning how the rule of law we "elected to follow" regarding the recovery of consequential damages applies to the particular facts of this case. Smith also claims that we should reconsider our judgment because he has been denied pre-judgment interest and costs to which he is entitled. Finally, he contends that we should reconsider our order in light of "new" evidence he has obtained from his expert.

■ "Motions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656 (N.D.Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir.1984). Smith's main contention is that judgment must be reconsidered because he has not briefed or argued his case under the rule of law this Court has applied. Specifically, Smith argues that he "had no way to interpret which ... theor[y] this court would predict the Illinois Supreme Court would follow" (Motion for Reconsideration of Interlocutory Order of January 27, 1989, Para. 9). However, Smith's failure to brief or argue clearly established caselaw cannot now be re-molded into an argument that this is in fact "new" law. Indeed, the rule adopted by this Court in *Smith* (utilizing the case-by-case approach to determine whether consequential damages are recoverable when the limited remedy fails of its essential purpose), was first articulated over a decade ago in *AES Technology Sys., Inc. v. Coherent Radiation*, 583 F.2d 933 (7th Cir.1978). Clearly Smith must have been aware of the conflicting decisions concerning the exclusion of consequential damages under Illinois law. In fact, the federal district court decision Smith cites in support of his position, *KKO, Inc. v. Honeywell, Inc.*, 517 F.Supp. 892 (N.D.Ill.1981), acknowledges the conflicting positions regarding exclusionary consequential damages clauses in Illinois and analyzes the

facts under both approaches. *Id.* at 898. Smith's failure to apply each rule of law to the facts of his case does not constitute adequate grounds for this Court's reconsideration of its opinion.

■■■ Smith also contends that we erred in granting summary judgment as to damages and entering judgment against defendants, thereby precluding consideration of pre-judgment interest. "Pre-judgment interest is a form of compensation and the decision to award pre-judgment interest rests in the sound discretion of the district court." *Michaels v. Michaels,* 767 F.2d 1185, 1204 (7th Cir.1985). When sitting in diversity, the district court must look to the state law to determine if pre-judgment interest is appropriate. *Travelers Ins. Co. v. Transport Ins. Co.,* 846 F.2d 1048, 1051 (7th Cir.1988) (citing *Simmons, Inc. v. Pinkerton's Inc.,* 762 F.2d 591, 607 (7th Cir.1985)). Generally, Illinois law requires pre-judgment interest only when provided by statute or by agreement of the parties. *U.C. Castings Co. v. Knight and LBK,* 754 F.2d 1363, 1376 (7th Cir.1985). "Moreover, even if authorized by statute, interest can only be awarded if the damages amount is fixed or easily computable." *Castings* at 1376 (citing *First Nat. Bank of Clinton, Ill. v. Insurance Co. of North America,* 606 F.2d 760, 769 (7th Cir.1979). Smith sought compensation for the difference in the value of the truck as warranted and as delivered, as well as incidental and consequential damages. Initially, such a damage recovery was not fixed nor easily computable so as to require pre-judgment interest. However, in this case, damages did not become fixed until Navistar moved to have judgment entered against it for the total amount which a jury could award. However, at this point, judgment was entered and Smith was no longer entitled to pre-judgment interest. Accordingly, we find that the claim for pre-judgment interest is an inadequate ground on which to reconsider our order.

■■ Finally, Smith claims that his expert testimony, previously unavailable, introduces new facts which require this Court's reconsideration of its January 27, 1989 opinion. However, he has not established that this testimony was unavailable prior to the briefings for summary judgment. He has completely failed to rebut Navistar's argument that Smith had access to his expert as of April 13, 1988, prior to Navistar's motion for summary judgment and almost five months before Smith's initial response brief was due. This fact has not been contested in any of the supporting documents presented by Smith. However, even if this report was unavailable, Smith simply could have moved for an extension of time in order to obtain this report. Motions to reconsider cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion. *Keene* at 665. Nevertheless, even if we were to accept the proposition that the expert's report constitutes new evidence, Smith has failed to demonstrate its relevance. Smith merely states that the report *"may* be a necessary element to prove unconscionability under UCC § 2–719(3)." (Plaintiff's Motion for Reconsideration of Interlocutory Order of January 27, 1989, Para. 13) (emphasis added). Standing alone, this allusion to potential relevance does not warrant reconsideration of our prior decision.

■■ Finally, both parties seek an award of costs. However, an award of costs is within the sound discretion of the court. *See, e.g., Landau & Cleary, Ltd. v. Hribar Trucking, Inc.,* 807 F.2d 91 (7th Cir.1986). We find that costs are inappropriate in this case. Although Smith is technically the prevailing party, its contumacious conduct led to the entry of judgment. We decline to award costs to Navistar because its conduct necessitated litigation in the first instance. Therefore, we deny the request of each party for an award of costs.

Because Smith has presented nothing but vague legal arguments and speculative new evidence, there are no grounds warranting reconsideration of our order. Smith's failure to consider all of the relevant case law does not constitute grounds for reconsideration. Moreover, the expert report proffered by Smith as new evidence

does not bring to light any factual issues which would support a reconsideration of this case. Therefore, we deny Smith's motion to reconsider the order of January 27, 1989, and the judgment of February 28, 1989. It is so ordered.